In the Matter of HELEN G. BECK, Petitioner, against ARTHUR W. WALLANDER, as Police Commissioner of the City of New York, Respondent.

Supreme Court, Special Term, New York County, March 31, 1947.

510

*Hyman Barshay* for petitioner.

*Charles E. Murphy, Corporation Counsel,* for respondent.

EDER, J. Motion granted. The petitioner is a professional dancer and at present under engagement to perform in a cabaret in the borough of Manhattan. Rules and regulations have been promulgated by the Police Commissioner of this city governing cabarets. Under the definition of "employee", as defined by subdivision (b) of regulation 1, the petitioner comes within its ambit. Under regulation 6, a cabaret employee is required to have an "identification card" in order to have employment in such an establishment and the holder thereof is required to conform to certain standards of behavior as prescribed by the Police Department regulations. So far as here deemed pertinent, regulation 6 provides: "6. *Identification card.* No person who comes in contact or is likely to come in contact with the patrons of a cabaret shall be employed on the premises of a cabaret for more than (3) days from the date of original employment and shall not be re-employed unless such person has obtained a cabaret employee's identification card or temporary permit issued by the Police Commissioner in such form and manner as he may prescribe. \* \* \* "

The holder of an identification card or temporary permit is required to comply with the police regulations prescribed for the proper regulation of cabarets, among them not to engage or participate in any illegal or unlawful capacity nor in any conduct offensive to public decency and is not to indulge in indecent language or conduct offensive to decency or propriety in any scene, sketch or act.

Regulation 20, which is entitled " Attire ", provides: " No person shall be permitted to appear in any scene, sketch or act with breasts or the lower part of torso uncovered or so thinly covered or draped as to appear uncovered."

The petitioner made application for an identification card and informal hearings were held and the application was denied by the respondent. The transcript of these hearings do not disclose the reason for the denial but the opposing affidavit of the Deputy Police Commissioner in charge of supervision and licensing of cabarets reveals that the conclusion was reached that petitioner's performance offends regulation 20, in that reports made by two police officers assigned to watch her performance disclose that during her performance parts of her body were exposed, i.e., her bosom, her breasts and lower part of her torso. This the petitioner denies, but I shall assume. for the purposes of this application and the disposition thereof, and to avoid any issue of fact and thus dispose of the matter as a pure question of law, that the statements in the opposing affidavits in the mentioned respect are true.

It is to be noted that there is no claim by respondent that petitioner's performance was unlawful or in violation of any statute; and the fact is that the police officers who witnessed the performance on two evenings made no arrest; reasonable assumption is that they would have done so if any basis or justification for an arrest existed.

Proceeding upon this premise, I am of opinion that the refusal of the respondent to issue to petitioner an identification card is an arbitrary and unjustified act and one without authority in law.

It is to be observed that the rules and regulations (regulation 6) respecting the behavior and conduct of a cabaret employee or permittee only come into effect *after* the employee or permittee has been granted an identification card: " The *holder* of an identification card or temporary permit *shall* " comply with the regulations. There is, seemingly, no rule or regulation prescribing the qualifications of an applicant for an identification card as to the applicant's previous behavior or conduct, reputation, character or record. It would seem that the Police Commissioner is impliedly empowered to prescribe rules and regulations in that regard, but so far as the record discloses none have been promulgated.

Assuming petitioners' performance to have been in contravention of regulation 20, it does not by any means follow that if granted an identification card she will continue her perform-

ance in that manner; she may not and there is no arbitrary right to presume that she will; she may and the fair inference is that she will alter or modify the same to conform to the requirements of the regulation. Whether or not she will, or has done so, obviously cannot be determined until she has been granted an identification card and has thereafter acted.

Suppose she does conform after the issuance of the identification card? What then? Surely, in such an event there would be no justifiable basis for interference with her performance. On the other hand, if she did not conform to the requirements of the regulation, the respondent could then take such action as he deemed proper within the proper and lawful scope of his powers. But until the anticipated offending event actually occurs (and it may never eventuate) the possible happening thereof rests in the realm of pure conjecture.

If the respondent's denial is to prevail a cabaret employee may never have an opportunity to earn a livelihood for such an employee would never be afforded the chance to conform to the requirements of the regulation and such a viewpoint, as the basis for denying an identification card or temporary permit, is an arbitrary one and is, as I view it, unsustainable in law.

It is the common right of every person to engage in the pursuit of a lawful occupation or calling and it is a settled canon of statutory construction with respect to acts in derogation of common-law rights that an act which infringes upon common right is to be strictly construed (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 311, and cases there cited). It is also a general rule of statutory construction that all statutes are presumed to operate prospectively and are not to receive a retroactive construction unless their language either expressly or by necessary implication requires that they be so construed (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 51, and cases there cited).

By its very language regulation 20 is plainly prospective in operation, not retrospective; and if attempted to be made retrospective — in the absence of any rule or regulation as to the qualifications which an applicant for an identification card must possess — it is, to that extent, invalid and void.

After due consideration and reflection I have reached the conclusion that petitioner is entitled to a peremptory order directing the respondent to issue to her a cabaret employee's identification card, as prayed for. Settle order on one day's **notice.**